In the Matter of the Compensation of
Mark L. Queener, Claimant.

QUEENER,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 85-08542, WCB 85-10120,
WCB 85-10639 & WCB 85-13873;
CA A41210)

747 P2d 382

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation/Bohemia Inc. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Richard W. Butler, Eugene, waived appearance for respondent Liberty Northwest/Bohemia, Inc.

George W. Goodman, McMinnville, waived appearance for respondent Liberty Northwest/Ty Logging.

Ridgway K. Foley, Jr., P.C., Portland, waived appearance for respondent Liberty Northwest/Nelson & Nelson.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

The sole issue presented by this workers' compensation case is whether claimant is entitled to insurer-paid attorney fees for his efforts in obtaining a hearing pursuant to ORS 656.307 to determine the responsible insurer for his work-related injury. Although claimant's attorney may be entitled to compensation, we agree with the Workers' Compensation Board that the attorney fees are not the responsibility of the carrier.

■■■ Claimant argues that SAIF had unreasonably delayed payment of compensation, because it denied responsibility and suggested that claimant file against another employer. In support of his argument, he cites OAR 436-60-180, which requires that insurers expedite claim processing by "immediate priority investigation to determine responsibility and whether the claim is otherwise a compensable injury." We do not agree that the duty created by this rule goes so far as to require that insurers initiate a proceeding under ORS 656.307 or investigate alternative claims against other parties when the claimant has not filed claims against those parties. Under the circumstances, SAIF did not act unreasonably and should not be required to pay claimant's attorney fees.

Affirmed.